FRANK J. CUSACK, PROSECUTOR, v. SIDNEY T. EDGE, DEFENDANT.

Submitted June 2, 1927—Decided December 23, 1927.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Edward F. Merrey.*

For the defendant, *Reuben H. Reiffin* and *Charles H. Roemer.*

PER CURIAM.

This is a writ of *certiorari* bringing up a determination and refusal of defendant, Sidney T. Edge, clerk of the borough of West Paterson, to call an election on a petition therefor under the provisions of the "Walsh act" to decide whether the commission form of government should be adopted in the borough.

The act provides that an election shall be called upon a petition in writing of twenty per cent. of persons qualified to vote at the last general election as shown by the registry used at such election. See section 18 of act as amended. *Pamph. L.* 1915, *ch. 2, p. 12.*

It is undisputed that such twenty per cent. would require two hundred and twenty-seven valid names of persons so qualified on the petition. The petition which was presented to the clerk contained the names of three hundred and nine persons.

An examination of the depositions shows that more than two hundred and twenty-seven of these petitioners were such duly qualified voters and that they had signed the petition as required by the statute. It may readily be admitted that some nineteen of the three hundred and nine were for one reason or another properly excluded from consideration, but no reason is perceived and none is suggested why enough should be excluded to bring the number down to less than the required number.

Defendant, however, insists that this review of his action by *certiorari* is unjustified; that *certiorari* will not lie. We think the defendant is wrong as to this contention. The cases of *Haines* v. *Standoven*, 91 *Atl. Rep.* 804, and *Ford* v. *Gilbert*, 89 *N. J. L.* 482, are authority for the proposition that *certiorari* is the proper primary remedy in such case, and that if remedy by *certiorari* results in a setting aside of the decision of the clerk, and the clerk thereafter persists in his refusal, further remedy by *mandamus* is then available.

The determination, decision and refusal of the clerk of the borough brought up for review will be set aside.